1  ROB BONTA
   Attorney General of California
2  LISA W. CHAO
   MICHAEL D. GOWE
3  Supervising Deputy Attorneys General
   DOUGLAS J. BETETA (SBN: 260377)
4  RACHEL J. YOO (SBN: 293598)
   Deputy Attorneys General
5   300 South Spring Street, Suite 1702
    Los Angeles, CA  90013-1230
6   Telephone:  (213) 269-6622
    Fax:  (916) 731-2128
7   E-mail:  Douglas.Beteta@doj.ca.gov
             Rachel.Yoo@doj.ca.gov
8  *Attorneys for Defendant*
   *Clothilde Hewlett, solely in her official capacity as*
9  *Commissioner of the California Department of*
   *Financial Protection and Innovation*

10

11             IN THE UNITED STATES DISTRICT COURT

12             FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                        WESTERN DIVISION

14

| 15 | **SMALL BUSINESS FINANCE ASSOCIATION,** | Case No.: 22-cv-08775-RGK-SK |
|---|---|---|
| 16 | | |
| 17 | Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR CONTINUANCE OF TRIAL AND ALL RELATED DATES; DECLARATION OF RACHEL YOO** |
| 18 | v. | |
| 19 | | |
| 20 | **CLOTHILDE HEWLETT, solely in her official capacity as Commissioner of the California Department of Financial Protection and Innovation,** | |
| 21 | | Date:        August 28, 2023 |
| 22 | Defendant. | Time:        9 a.m. |
| 23 | | Courtroom:   850 |
| 24 | | Judge:       Hond. R. Gary Klausner |
| 25 | | Trial Date:  December 12, 2023 |
| 26 | | Action filed: December 2, 2022 |

27

28

1

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 28, 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 850 of the above-entitled court located at 255 East Temple Street, Los Angeles, CA 90012, defendant Clothilde Hewlett, solely in her official capacity as Commissioner of the California Department of Financial Protection and Innovation (Department) will, and hereby does, move this Court for an order continuing trial and all related dates.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, Declaration of Rachel Yoo, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 26, 2023 and July 27, 2023.  (Yoo Decl., ¶ 30.)

Dated:  July 31, 2023

ROB BONTA
Attorney General of California
LISA W. CHAO
MICHAEL D. GOWE
Supervising Deputy Attorneys General

*/s/ Rachel J. Yoo*

Rachel J. Yoo
Deputy Attorney General

*Attorneys for Defendant Clothilde Hewlett, solely in her official capacity as Commissioner of the California Department of Financial Protection and Innovation*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Department requests that the Court continue the trial day by six months so that the Department can gather evidence to show that SBFA lacks associational standing and that its facial challenge to the regulations lacks merit. In December 2022, new regulations took effect in California that require commercial financing providers to provide certain uniform disclosures with respect to Sales-Based Financing and Open-End Credit products. The regulations are designed to help small businesses navigate the complex commercial financing market. Plaintiff seeks to invalidate the regulations because some of its members find the regulations misleading and inaccurate, and hitherto unspecified customers are confused by the regulations.

To defend the regulations against SBFA's facial challenge, the Department needs to show that circumstances exist under which the regulations would be valid. To defeat SBFA's associational standing, the Department needs to show that SBFA claims require the participation of individual members in the lawsuit. The Department's review of the documents produced by the three of SBFA members indicates that the participation of individual members is necessary because the sample contracts are not representative and that the sample disclosures fail to meet the regulations. SBFA's production of non-representative contracts while asserting that it could not demand responsive documents from its members led the Department to issue subpoenas to its 15 individual members across the country. The production deadline was July 28, 2023, but the Department did not receive requested documents. While negotiations are ongoing, the Department intends to move to compel in 11 different jurisdictions if negotiations fall through. The Department estimates that it would take at least three months to obtain necessary documents from the members following *pro hac vice* admissions on 11 jurisdictions and briefing to the courts. After the review of the documents, the Department

intends to either notice depositions or request signed declarations from the members. The Department estimates that it would take at least three months to schedule and take necessary depositions or compel compliance by getting a court order.

Therefore, the Department requests a six-month continuance of the trial date and all related deadlines, including the discovery cut-off date, and barring such time, the Department will suffer prejudice and will not be able to adequately prepared to defend the regulations at trial.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 2, 2022, Plaintiff Small Business Finance Association (SBFA) filed a complaint for declaratory and injunctive relief against the Department. SBFA asserts that the regulations, which took effect December 9, 2022, violate First Amendment rights of its members because the regulations mischaracterize the financing products its members offer (Sales-based Financing and Open-End Credit) and, thus, force them to make inaccurate and misleading statements in the form of required disclosures. SBFA further alleges that the regulations are preempted by the Truth in Lending Act (TILA) and cause confusion to its members' customers.

Following an order denying Department's motion to dismiss, on April 3, 2023, this Court held a scheduling conference and set the trial date of December 12, 2023 and discovery cut-off date of September 13, 2023. (Yoo Decl., ¶ 2.)

From the very beginning the parties disagreed on whether the Department needs discovery on the individual members. SBFA contended that the violation to one member's First Amendment rights is sufficient for SBFA to challenge the regulations and thus, it is unnecessary for the Department to conduct discovery to its members. (*Id.*, ¶ 7.) On the other hand, the Department contends that the nature of SBFA's allegations necessitates for the Department to conduct discovery on its members. SBFA offered one member for Sales-Based Financing and one member for Open-End Credit for discovery. (*Id.*) The Department presented a

counterproposal where SBFA would provide a list of 10 members that offer Sales-Based Financing and Open-End Credit, respectively, who are willing to respond to the Department's discovery and the Department picks two members for each financing product. (*Id.*, ¶ 8.) The Department informed SBFA that if SBFA agrees to Department's proposal, Department would refrain from seeking discovery from other members unless new information comes to light that necessitates discovery to other members. (*Id.*) On June 22, 2023, SBFA notified the Department that it had three members who were willing to submit to discovery: Rapid Finance, Kapitus, and Forward Financing. (*Id.*, ¶ 9.) One June 29, 2023, the Department informed SBFA that the Department was at an informational disadvantage and thus could not accept its proposal that limits Department's discovery to SBFA's hand-picked members. (*Id.*, ¶ 10.) The Department indicated that it intends to issue subpoenas to all of SBFA's members. (*Id.*)

On July 14, 2023, the Department issued 15 subpoenas to individual SBFA members who are direct lenders and served copies of the subpoenas to counsel for SBFA. (*Id.*, ¶ 14.) In the subpoenas, Department sought, among other things, sample contracts, the disclosures SBFA members provided to its customers pursuant to the regulations, communications with its customers regarding various aspects of Sales-Based Financing that SBFA claims the regulations mischaracterized. (*Id.*) The production deadline was set for July 28, 2023. (*Id.*) Below is a list of 15 members the Department has issued and served subpoenas to:

1) Rapid Finance in Bethesda, MD
2) Kapitus in Arlington, VA
3) Forward Financing in Boston, MA
4) Coast Funding in San Diego, CA
5) Fora Financial in New York, NY
6) Fund Street in Coconut Grove, FL
7) Greenbox Capital in Miami, FL

5

|   |   |   |
|---|---|---|
| 1 | 8) | Elevate Funding in Gainesville, FL |
| 2 | 9) | Rewards Network in Chicago, IL |
| 3 | 10) | Credibly in Southfield, MI |
| 4 | 11) | Fintegra in Kings of Prussia, PA |
| 5 | 12) | Expansion Capital in Sioux Falls, SD |
| 6 | 13) | Fundkite in New York, NY |
| 7 | 14) | Vox Funding in Miami, FL |
| 8 | 15) | GRP Funding in Springfield, MA |

(*Id.*, ¶ 15.)

From July 18, 2023 to July 24, 2023, counsel for the Department and counsel for SBFA engaged in multiple hour-long meet and confer calls and exchanged emails to address the Department's subpoenas to SBFA's members. (*Id.*, ¶ 17.) SBFA contended the subpoena and discovery requests were overbroad, disproportionate, and burdensome. (*Id.*) In response, the Department agreed to withdraw four requests from its subpoenas. (*Id.*) Additionally, the Department proposed search terms and offered to limit search periods to one month per year, instead of 5 years from 2019 to the present, in order to aid SBFA and its three members to search responsive documents. (*Id.*)

Following the calls and to date, SBFA has produced additional documents. (*Id.*, ¶ 18.) The Department, however, has yet to receive complete documents it asked for. (*Id.*, ¶ 19.) The review of sample contracts from the three represented members showed that contracts for Sale-Based Financing are not uniform. (*Id.*, ¶ 20.) There are three types of Sales-Based Financing: Fixed ACH payment, Variable ACH payment, and Credit Card Delivery. SBFA produced three post-regulations sample contracts for Fix ACH payment, one for Variable ACH payment, and one for Credit Card Delivery. (*Id.*) It also produced one sample contract for Open-End Credit. (*Id.*) The terms of three Fixed ACH payment contracts varied widely, and even with the same lender, the terms changed over

time when the pre-regulations contracts were compared with the post-regulations contract. (*Id*.) Furthermore, most, if not all, of the disclosures prepared by the three members failed to comply with the regulations. (*Id*.)

On July 26, 2023, Kapitus, Rapid Finance, and Forward Financing, via counsel for SBFA, served objections to the Department's subpoenas. They did not produce any additional documents. (*Id*., ¶ 21.) On July 26, 2023, Expansion Capital served objections to the Department's subpoena and did not produce any documents. (*Id*., ¶ 22.) On July 28, 2023, Fora Financing served objections to the Department's subpoena and did not produce any documents. (*Id*., ¶ 23.) On July 28, 2023, Vox Funding notified the Department that it was never a member of SBFA and objected to the Department's subpoena. (*Id*., ¶ 24.) It did not produce any documents. (*Id*.) On July 28, 2023, Fundkite notified the Department that it resigned from SBFA in February 2022 and objected to the Department's subpoena. (*Id*., ¶ 25.) It did not produce any documents. (*Id*.) On July 28, 2023, GRP Funding notified the Department that it resigned from SBFA in December 2022 and objected to the Department's subpoena. (*Id*., ¶ 26.) It did not produce any documents. (*Id*.) On July 29, 2023, Credibly reached out to the Department and asked for an extension until August 2, 2023 for its responses and objections. (*Id*., ¶ 27.) It did not produce any documents. (*Id*.) Greenbox Capital, Elevate Funding, and Fintegra have not responded to the Department's subpoenas. (*Id*., ¶ 28.) The Department has been working with FundStreet, Coast Funding, and Rewards Network to modify the scope of the subpoena and obtain responsive documents. (*Id*., ¶ 29.) They have not produced any documents yet. (*Id*.)

III. **ARGUMENT**

    A. **Good Cause Exists to Continue Trial.**

A scheduling order may be modified for good cause. Fed. R. Civ. Pro. 16(b)(4). The Department has conducted diligent discovery and reached a

conclusion that it needs to pursue discovery on each of SBFA members, who are located across the nation and subject to 11 different jurisdictions.

In response to the Department subpoenas dated July 14, 2023, three members (Vox Funding, Fundkite, and GRP Funding) informed the Department that there were not a member. (*Id.*, ¶¶ 24-26.) Five members (Rapid Finance, Kapitus, Forward Financing, Fora Financial, and Expansion Capital) objected to the Department's subpoenas. (*Id.*, ¶¶ 21-23.) One member (Credibly) reached out to the Department after the production deadline seeking an extension. (*Id.*, ¶ 27.) Three members (Greenbox Capital, Elevate Funding, and Fintegra) have not responded to the Department's subpoenas. (*Id.*, ¶ 28.) Three members (Fund Street, Coast Funding, and Rewards Network) are working with the Department to modify the scope of the subpoena and produce responsive documents. (*Id.*, ¶ 29.)

While the Department is willing to and continues to work with the individual members, the Department intends to move to compel if negotiations fail. Federal Rules of Civil Procedure Rule 45(d)(B)(i) requires Department to move to compel "where compliance is required", and below is a list of 11 jurisdictions where compliance is required:

1) Maryland District Court — Rapid Finance
2) Eastern District of Virginia — Kapitus
3) Massachusetts District Court — Forward Financing
4) Southern District of California — Coast Funding
5) Southern District of New York — Fora Financial
6) Southern District of Florida — Fund Street, Greenbox Capital
7) Northern District of Florida — Elevate Funding
8) Northern District of Illinois — Rewards Network
9) Eastern District of Michigan — Credibly
10) Eastern District of Pennsylvania — Fintegra
11) South Dakota District Court — Expansion Capital

Each district court has its own *pro hac vice* admission procedures and most of them require either a sponsor or local counsel, or both. Furthermore, most, if not all, district courts mandate a thorough meet-and-confer between the parties before seeking the court's intervention. If the meet-and-confer yields no results, the parties then can brief the courts, and the courts either rule on the Department's motion on paper or schedule a hearing. Depending on the court's availability, it may take weeks for a hearing to be scheduled. If the Department prevails, a member needs to produce responsive documents, and it would take a few weeks for the Department to receive and review responsive documents. In the event that the Department receives incomplete or insufficient documents, it plans to seek further judicial intervention by way of a motion to compel. The Department estimates that it would take at least three months to receive all necessary documents from each of SBFA's members either voluntarily or involuntarily.

Once the Department gathers all necessary documents, it plans to notice depositions in order to assess SBFA's allegations, in particular, its claim that the regulations cause confusion to its members' customers. Currently, depositions on Forward Financing, Kapitus, Rapid Finance, and SBFA, are scheduled to take place in August. The Department, however, is unable to determine whether depositions on the rest of SBFA members are necessary primarily because it is working with them and has not received any documents pursuant to its subpoenas. SBFA's representation that it has no responsive documents to the Department's discovery, nor does it have the right to demand requested documents from its members causes the Department to believe that depositions to each of SBFA's members might be inevitable. (*Id*., ¶ 7.) At the same time, the Department is willing to accept signed declarations from some of the members in place of depositions. With the limited information the Department possess, the Department estimates that it would take at least three months to schedule and take necessary depositions or obtain signed

declarations. In the event some members refuse to cooperate, the Department intends to seek a court order to compel compliance.

Given the amount of written and oral discovery, the number of involved entities, and 11 jurisdictions they are located, the Department estimates that it would take at least additional six months to complete discovery.

### B. The Department Will Suffer Prejudice If Trial is Not Continued Because It Will Not Able to Gather Evidence to Show SBFA Lack of Standing and Its Claims Lack Merit.

The Department will be prejudiced if trial is not continued because the Department will not be able to gather evidence to show that SBFA lacks standing and that its facial challenge to the regulations lacks merit.

SBFA brings a facial challenge to the regulations and asserts that the regulations "compel providers of commercial financing to speak messages that are false, misleading, and controversial." (Complaint, ¶ 2.) A facial challenge must show that "no set of circumstances exists under which [the challenged law] would be valid." *U.S. v. Salerno*, 481 U.S. 739, 745 (1987).

In offering sample contracts from three members, SBFA contends that it is unnecessary for the Department to conduct discovery to its members because the violation to one member's First Amendment rights is sufficient for SBFA to challenge the regulations. The review of the sample contracts, however, shows otherwise. The terms of three Fixed ACH payment contracts varied widely, and even with the same lender, the terms changed over time when the pre-regulations contracts were compared with the post-regulations contract. (*Id.*, ¶ 20.) It shows that those are not representative Sales-Based Financing contracts. Only one post-regulations Open-End contract was produced, and thus, the Department is unable to determine whether such a contract is representative. (*Id.*) Furthermore, most, if not all, of the disclosures the three members prepared pursuant to the regulations were incorrect and failed to comply with the regulations. (*Id.*) Accordingly, the Department cannot rely on the three members and needs to gather evidence from

the rest of the members to determine whether no set of circumstances exists under which the regulations are valid.

Moreover, SBFA's response to the Department's discovery further justifies the Department's position that it needs to conduct discovery on the individual members. In response to the Department's discovery, SBFA stated that requested documents were not in SBFA's possession, custody, or control, and that it did not have the right to demand requested documents from its members. (*Id.*, ¶ 7.) To show associational standing, the entity must show that neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 553 (1996). SBFA's production of non-representative contracts while asserting that it could not obtain responsive documents gave the Department no choice but to seek documents from individual members.

Therefore, the Department need additional time to gather evidence to show that SBFA lacks standing and that its facial challenge to the regulations lacks merit, barring such time, the Department will be prejudiced and would not be equipped to adequately defend the regulations at trial.

**C. SBFA Will Not Suffer Prejudice If Trial is Continued.**

SBFA alleges various harm, but all of them are speculative. SBFA contends that its members "competitive position in the marketplace" would be harmed. (Complaint, ¶ 41.) Other than its conclusory allegation, SBFA has not produced any evidence to show its alleged harm. (*Id.*, _.) In addition, SBFA alleges that its members would be subject to Department's "extensive enforcement powers" including administrative orders to stop alleged violations, civil injunctive actions, disgorgement, restitution, and damages. (Complaint, ¶ 6.) It even alleges criminal prosecution. (*Id.*, ¶ 16.) SBFA, however, did not and cannot allege any history of past prosecution or enforcement of the regulations to themselves or others because the Department has not initiated any enforcement action. The general threat of

enforcement of law and the absence of criminal prosecution for violating such law are insufficient to create actual controversy. *Rincon Band of Mission Indians v. San Diego County*, 495 F.2d 1, 6 (9th Cir. 1974). Therefore, SBFA will not suffer prejudice if trial is continued.

## IV.　CONCLUSION

For the reasons stated above, the Department request that this Court continue the trial date and all related dates to allow Department at least additional six months to conduct discovery.

Dated: July 31, 2023

ROB BONTA
Attorney General of California
LISA W. CHAO
MICHAEL D. GOWE
Supervising Deputy Attorneys General

*/s/ Rachel J. Yoo*

Rachel J. Yoo
Deputy Attorney General

*Attorneys for Defendant Clothilde Hewlett, solely in her official capacity as Commissioner of the California Department of Financial Protection and Innovation*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Small Business Finance Association v. Clothilde Hewlett** | Case No. | **22-cv-08775-RGK-SK** |

I hereby certify that on <u>July 31, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS NOTICE OF MOTION AND MOTION FOR CONTINUANCE OF TRIAL AND ALL RELATED DATES; DECLARATION OF RACHEL YOO**

**DECLARATION OF RACHEL YOO IN SUPPORT OF DEFENDANT'S MOTION FOR A CONTINUANCE OF TRIAL AND ALL RELATED DATES**

**[PROPOSED] ORDER GRANTING MOTION FOR CONTINUANCE OF TRIAL AND ALL RELATED DATES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 31, 2023</u>, at San Diego, California.

| M. Aguilar | *[signature]* |
|---|---|
| Declarant | Signature |

SA2022803044
84075662.docx