BENJAMIN H. BRODSKY (Admitted *Pro Hac Vice*)
Email: bbrodsky@bfwlegal.com
PHILIP T. MERENDA (Admitted *Pro Hac Vice*)
Email: phil@bfwlegal.com
BRODSKY FOTIU-WOJTOWICZ, PLLC
200 SE 1ST St., Suite 400
Miami, FL 33131
Telephone:   305.503.5054
Facsimile:   786.749.7644

PAUL A. LEVIN (CA State Bar No. 229077)
Email: paul@markmigdal.com
LAUREN M. GIBBS (CA State Bar No. 251569)
Email: lauren@markmigdal.com
MARK MIGDAL &HAYDEN
11150 Santa Monica Blvd., Suite 1670
Los Angeles, CA 90025
Telephone: 305.374.0440

*Attorneys for Plaintiff* SMALL BUSINESS FINANCE ASSOCIATION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SMALL BUSINESS FINANCE ASSOCIATION,<br><br>   Plaintiff,<br><br>   v.<br><br>CLOTHILDE HEWLETT, solely in her official capacity as Commissioner of the California Department of Financial Protection and Innovation,<br><br>   Defendant. | Case No. 22-cv-08775-RGK-PLA<br><br>**PLAINTIFF'S NOTICE OF MOTION; MOTION TO EXCLUDE CERTAIN OPINIONS OF DEFENDANT'S EXPERT, ADAM J. LEVITIN; AND DECLARATION OF BENJAMIN H. BRODSKY**<br><br>Hearing Date: October 30, 2023 at 9:00 am<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850<br>Complaint Filed: December 2, 2022<br>Trial Date: December 12, 2023 |

---

PLAINTIFF'S MOTION TO EXCLUDE CERTAIN OPINIONS OF DEFENDANT'S EXPERT,
ADAM J. LEVITIN

## TABLE OF CONTENTS

Memorandum Of Points And Authorities ................................................................2

    I.    The Proper Scope of Expert Testimony ........................................................2

    II.   Four of Mr. Levitin's Proposed Opinions Should Be Excluded................ 4

        A. An overview of Mr. Levitin's opinions .................................................. 4

        B. The Court should Exclude Mr. Levitin's opinions on (i) the rights and duties of Plaintiff's members under their financing contracts with customers and (ii) the application of law to these contracts ................................................................ 5

        C. The Court should exclude Mr. Levitin's opinions on the "inherently" confusing nature of the terms of MCA contracts ............................................................................................. 8

    III.  Conclusion.................................................................................................. 10

# TABLE OF AUTHORITIES

*Aguilar v. International Longshoremen's Union Local # 10,*
   966 F.2d 443 (9th Cir. 1992) ................................................................................ 2

*Am. Fid. Assurance Co. v. Bank of New York Mellon,*
   No. CIV-11-1284-D, 2018 WL 11425260 (W.D. Okla. Feb. 28, 2018) ......... 6

*Andrade v. Am. First Fin., Inc.,*
   No. 18-CV-06743-SK, 2023 WL 4238480 (N.D. Cal. June 27, 2023) ......... 6

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,*
   509 U.S. 579 (1993) .............................................................................................. 8

*Deere & Co. v. FIMCO Inc.,*
   239 F. Supp. 3d 964 (W.D. Ky. 2017) ........................................................... 3, 9

*JIPC Mgmt., Inc. v. Incredible Pizza Co.,*
   No. CV 08-04310 MMM PLAX, 2009 WL 8591607
   (C.D. Cal. July 14, 2009) .................................................................................. 10

*Lanard Toys Ltd. v. Anker Play Prod., LLC,*
   No. CV 19-4350-RSWL-AFMX, 2020 WL 6873647
   (C.D. Cal. Nov. 12, 2020) ................................................................................... 9

*Nat'l Credit Union Admin. Bd. v. UBS Sec., LLC,*
   No. 12-2591-JWL, 2017 WL 513970 (D. Kan. Feb. 8, 2017) ........................ 7

*Patsy's Italian Rest., Inc. v. Banas*,
   531 F. Supp. 2d 483 (E.D.N.Y. 2008) ............................................................ 10

*S.E.C. v. Cap. Consultants, LLC*,
   397 F.3d 733 (9th Cir. 2005) ............................................................................. 2

*Tovey v. Nike, Inc.*,
   No. 1:12CV448, 2014 WL 3510636 (N.D. Ohio July 10, 2014) ............... 3, 9

*United States v. Brodie*,
   858 F.2d 492 (9th Cir.1988) .............................................................................. 2

*Yeti Coolers, LLC v. RTIC Coolers, LLC*,
   No. A-15-CV-597-RP, 2017 WL 404553 (W.D. Tex. Jan. 27, 2017) ............ 3

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 30, 2023 at 9:00 am or as soon thereafter as the matter may be heard in Courtroom 850 of the above-entitled court located at 255 East Temple Street, Los Angeles, CA 90012, Plaintiff Small Business Finance Association will, and hereby does, move this Court to exclude certain opinions of Adam J. Levitin, one of the experts retained by Defendant Clothilde Hewlett, solely in her official capacity as Commissioner of the California Department of Financial Protection and Innovation.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Benjamin H. Brodsky ("Brodsky Decl.")., and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on September 26, 2023.  (Brodsky Decl. ¶ 2.)

Dated: September 27, 2023                 Respectfully submitted,

                                          BRODSKY FOTIU-WOJTOWICZ,
                                          PLLC


                                          /s/ *Benjamin H. Brodsky*
                                          Benjamin Brodsky
                                          Phil Merenda

                                          *Attorneys for Plaintiff Small Business Finance Association*

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant's expert, Adam J. Levitin, has offered to give opinions about the legal rights and obligations of Plaintiff's members under their financing contracts with customers, his analysis of the application of law to these contracts, and his speculative assumptions about how a small business customer might interpret the contracts.[1] At least three different federal courts have excluded Mr. Levitin's opinions on legal matters, and countless courts have excluded similar unsupported testimony on customer confusion. The Court should do the same here.

## I. The Proper Scope of Expert Testimony

Expert testimony is admissible when it will assist the trier of fact in understanding the evidence or determining a disputed issue of fact. *United States v. Brodie*, 858 F.2d 492, 496 (9th Cir.1988). However, "resolving doubtful questions of law is the distinct and exclusive province of the trial judge." *Id.* at 497. Thus, experts may interpret and analyze factual evidence but may not testify about the law. *S.E.C. v. Cap. Consultants, LLC*, 397 F.3d 733, 749 (9th Cir. 2005).

Nor may an expert testify about how the law should be applied to the facts of a case. *Aguilar v. International Longshoremen's Union Local # 10*, 966 F.2d 443 (9th Cir. 1992). The issue in *Aguilar* was whether longshoremen could establish an

---

[1] Defendant has disclosed an additional expert, Catherine H. O'Neil, Ph.D., who will offer opinions about the APR calculation under the compelled disclosures at issue in this case. Although Plaintiff disagrees with Ms. O'Neil's opinions, it does not seek to exclude them.

enforceable employment contract based on a promissory estoppel theory. *Id.* at 445. The expert's proffered declaration stated that, based on the instructions in the employment application, a promise had been made, the workers reasonably relied on the promise, and that reliance was reasonably foreseeable. *Id.* at 447. The Ninth Circuit held that this legal expert evidence was barred because "reasonableness and foreseeability . . . were matters of law for the court's determination." *Id.* at 447.

If an expert is going to testify on issues of customer confusion, the expert must use a reliable methodology other than the expert's personal opinion or even "industry experience." *See Deere & Co. v. FIMCO Inc.,* 239 F. Supp. 3d 964 (W.D. Ky. 2017) (excluding expert opinions on likelihood of confusion of customers of farming equipment that were based on the putative expert's "training, background, and experience," "consumer interactions," and, for some, their "own farming experience."); *Yeti Coolers, LLC v. RTIC Coolers, LLC*, No. A-15-CV-597-RP, 2017 WL 404553 (W.D. Tex. Jan. 27, 2017) (excluding expert testimony on customer perception of cooler products that was not based on any data, surveys, or other empirical evidence, but instead was "simply what [the expert] thinks and what he has heard others say, based on his experience as an outdoor writer, speaker and hunting guide."); *Tovey v. Nike, Inc.*, No. 1:12CV448, 2014 WL 3510636 (N.D. Ohio July 10, 2014) (excluding expert testimony on the ultimate issue of likelihood of confusion because the witness failed to disclose any reliable methodology beyond a personal opinion as to whether there would be confusion caused by two marks).

## II. Four of Mr. Levitin's Proposed Opinions Should Be Excluded.

### A. An overview of Mr. Levitin's opinions

Mr. Levitin is a law professor at the Georgetown University Law Center with an impressive pedigree. His academic research focuses on financial regulation. He has testified in front of Congress a number of times on financial regulatory issues and regularly consults with governmental and policy groups on financial regulatory matters, including financing for small-to-medium sized businesses. Mr. Levitin has offered opinions on six different topics:

1. The nature of the small dollar commercial financing market (that is the market for commercial financings of $500,000 or less) and small dollar commercial financing borrowers;

2. The nature and structure of merchant cash advances ("MCAs");

3. The relationship between performance guaranties and personal guaranties in MCAs;

4. The difficulty in determining whether a transaction is in fact a non-loan transaction;

5. Whether the pre-regulation, voluntary disclosure of MCA terms was inherently likely to be confusing to many of the businesses that use them; and

6. The importance of the Annual Percentage Rate ("APR") as a standardized measure of credit cost disclosure.

(Expert Report of Professor Adam J. Levitin ("Levitin Report"), attached to the

Brodsky Decl., at Ex 1.)

As set forth below, Mr. Levitin's second, third, fourth, and fifth opinions are inadmissible legal opinions, and his sixth opinion is based on conjecture rather than any sound factual basis or acceptable methodology. As such, each of these opinions must be excluded.

### B. The Court should exclude Mr. Levitin's opinions on (i) the rights and duties of Plaintiff's members under their financing contracts with customers and (ii) the application of law to these contracts

In his second opinion, Mr. Levitin offers opinions on the nature and structure of merchant cash advance ("MCA") transactions, which is another term for sales-based financing, one of the types of financing that is the subject of the compelled disclosure requirements at issue in this case. (Levitin Report at 6-14.) Mr. Levitin proposes to testify about the "structure" of MCAs—that is, the way that MCA contracts are drafted, the typical terms of an MCA contract, and the legal obligations of providers of MCA financing under the contracts. For example, Mr. Levitin offers various opinions about whether, under their contracts, certain members of SBFA, Forward Financing and Kapitus are obligated to adjust a business customer's revenue under the contracts' "true up" and "reconciliation" provisions. (*Id.* at 8, ¶¶ 48-49.)

In his third opinion, Mr. Levitin further proposes to testify about whether, based on their contractual terms, MCA financing transactions should be properly recharacterized as loans. (*Id.* at 10-14.) In rendering this opinion, Mr. Levitin undertakes a lengthy (albeit incorrect) analysis of Kapitus' contract and concludes

5

that, as a matter of law, it represents a loan transaction, not a purchase and sale transaction, because of various recourse against the owners of Kapitus' business customers. (*Id.* at 11-13.)

And in his fourth opinion, Mr. Levitin proposes to testify about the difficulty of distinguishing MCAs from loans and again opines that the Kapitus transaction is, in fact, a loan. (*Id.* at 14-15.)

The foregoing proposed testimony is quintessentially inadmissible legal opinion. Indeed, several months ago, a district court in the Northern District of California excluded Mr. Levitin's proposed opinion on nearly identical issues. *See Andrade v. Am. First Fin., Inc.*, No. 18-CV-06743-SK, 2023 WL 4238480 (N.D. Cal. June 27, 2023). In *Andrade*, a suit between a financing recipient and a finance provider, the plaintiff financing recipient sought to use Mr. Levitin as an expert. Mr. Levitin offered opinion that the transaction at issue bore the indicia of a loan based on his analysis of California law and his application of the facts to this law. "Because Levitin improperly sought to testify on his opinion of status of California law and how it applies to the facts of this case," *id.* at *5, the court excluded his testimony.

This is not the first time Mr. Levitin has had his opinions—substantively identical to those he proposes to offer here—excluded for surpassing the bounds of permissible expert testimony. In *Am. Fid. Assurance Co. v. Bank of New York Mellon*, No. CIV-11-1284-D, 2018 WL 11425260, at *4 (W.D. Okla. Feb. 28, 2018), a residential mortgage-backed securities case, the court precluded Mr. Levitin from

testifying as to his opinion of the defendant's compliance with the operative agreements, their elements, or terms, "since it is not appropriate to have experts opine as to the legal obligations of the parties under a contract." And in *Nat'l Credit Union Admin. Bd. v. UBS Sec., LLC*, No. 12-2591-JWL, 2017 WL 513970, at *6 (D. Kan. Feb. 8, 2017), another residential mortgage-backed securities case, the court precluded Mr. Levitin's opinions on a laundry list of topics, including the meaning of "sale" or "disposition" as relevant to the statutory requirements concerning the calculation of damages for structured securities transactions; the various factors that may be relevant to such a determination; whether the transactions at issue would be considered true sales under the bankruptcy analysis or under a particular accounting rule; his weighing of the evidence regarding the standard for a true sale had been met; and whether an implied agreement existed between the parties to the transactions.

The Court is tasked with interpreting the contracts and their meanings in relation to Plaintiff's First Amendment and TILA preemption claims. Mr. Levitin's foregoing testimony is not proper expert testimony; instead, it is an invasion upon the exclusive provinces of the Court by rendering purely legal opinions and attempting to apply the law to the facts of this case. It should be excluded for the same reasons that a number of other courts have done so.

### C. The Court should exclude Mr. Levitin's opinions on the "inherently" confusing nature of the terms of MCA contracts

In his fifth opinion, Mr. Levitin contends that, prior to the regulations at issue here, MCA terms were "inherently likely to be confusing to many small businesses." (Levitin Report at 15.) He does not base his opinion on the confusion (or lack thereof) of any actual small businesses; instead, he bases his opinion on his "knowledge of what the field of consumer finance understands about consumer comprehension of financing contracts." (*Id.* at 15-16.) Mr. Levitin then proceeds to analyze various sales-based financing contracts and opines that small businesses would be confused by them and purports to explain why. (*E.g.*, *id.* at 17, ¶¶ 98-100 (small businesses would be confused by term stating "specified percentage" of receipts being purchased because small businesses "are used to seeing the APR as the emphasized percentage rate disclosed in a financing agreement"); and 18-19, ¶¶ 106-110 (Rapid Finance's contract is confusing to small business because it mimics TILA's H-2 Loan Model Form).

This opinion is also inadmissible, as its *ipse dixit* foundation is completely unreliable. Before admitting expert testimony, the trial court must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579, 592–93 (1993). In the context of customer confusion, and as held by a leading treatise:

> The usual and accepted method of admitting expert testimony on the ultimate factual issue of likelihood of confusion is for the expert to design and have conducted a survey of customers of that product or service. **The expert who has not conducted such a survey must articulate and describe some other reliable methodology that forms the basis for the conclusion that confusion is or is not likely in this case**.

4 McCarthy on Trademarks and Unfair Competition § 23:2.75 (5th ed.) (emphasis added).

Mr. Levitin articulates no reliable methodology supporting his opinions that small businesses were confused by sales-based financing, either before or after the Regulations were enacted. Indeed, he offers no basis at all. For example, he surmises, seemingly out of nowhere, that small businesses think that the "specified percentage" term in sales-based financing contracts is referring to the APR.

Even if Mr. Levitin was to testify that he reached these opinions based on his personal or professional experience, this would still be insufficient to validate the reliability of his opinions. *See, e.g.*, *Lanard Toys Ltd. v. Anker Play Prod., LLC*, No. CV 19-4350-RSWL-AFMX, 2020 WL 6873647, at *1 (C.D. Cal. Nov. 12, 2020) (excluding expert testimony on customer confusion based on personal observations); *FIMCO*, 239 F.Supp.3d at 983-84 (excluding expert testimony on customer confusion based on "many years" of experience); *Tovey*, 2014 WL 3510636, at *5 (excluding expert testimony on customer confusion based on "experience and

expertise and judgment in working with consumers for 25 years"); *JIPC Mgmt., Inc. v. Incredible Pizza Co.*, No. CV 08-04310 MMM PLAX, 2009 WL 8591607, at *3 (C.D. Cal. July 14, 2009) (excluding expert opinion on customer confusion based on "personal observations and conclusions"); *Patsy's Italian Rest., Inc. v. Banas*, 531 F. Supp. 2d 483, 486 (E.D.N.Y. 2008) (excluding expert testimony on customer confusion based on "personal knowledge and expertise").

In sum, Mr. Levitin's unsupported and conjectural opinions on customer confusion should be excluded.

## III. Conclusion

For the reasons stated above, Plaintiff moves the Court to exclude Mr. Levitin from offering his second, third, fourth, and fifth opinions.

Dated: September 27, 2023

        Respectfully submitted,

        BRODSKY FOTIU-WOJTOWICZ, PLLC

        /s/ *Benjamin H. Brodsky*
        Benjamin Brodsky
        Phil Merenda

        *Attorneys for Plaintiff Small Business Finance Association*

# CERTIFICATE OF SERVICE

Case Name: **Small Business Finance Association v. Clothilde Hewlett**   Case No. **22-cv-08775-RGK-SK**

I hereby certify that on September 27, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**PLAINTIFF'S MOTION TO EXCLUDE CERTAIN OPINIONS OF DEFENDANT'S EXPERT, ADAM J. LEVITIN**

I CERTIFY THAT ALL PARTICIPANTS IN THE CASE ARE REGISTERED CM/ECF USERS AND THAT SERVICE WILL BE ACCOMPLISHED BY THE CM/ECF SYSTEM.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THE FOREGOING IS TRUE AND CORRECT AND THAT THIS DECLARATION WAS EXECUTED ON 9/27/23, AT MIAMI, FLORIDA.

/s/ *Viviana Vazquez*
Viviana Vazquez