BENJAMIN H. BRODSKY *(Admitted Pro Hac Vice)*
Email: bbrodsky@bfwlegal.com
PHILIP T. MERENDA *(Admitted Pro Hac Vice)*
Email: phil@bfwlegal.com
BRODSKY FOTIU-WOJTOWICZ, PLLC
200 SE 1ST St., Suite 400
Miami, FL 33131
Telephone:   305.503.5054
Facsimile:   786.749.7644

PAUL A. LEVIN (CA State Bar No. 229077)
Email: paul@markmigdal.com
LAUREN M. GIBBS (CA State Bar No. 251569)
Email: lauren@markmigdal.com
MARK MIGDAL &HAYDEN
11150 Santa Monica Blvd., Suite 1670
Los Angeles, CA 90025
Telephone: 305.374.0440

*Attorneys for Plaintiff* SMALL BUSINESS FINANCE ASSOCIATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SMALL BUSINESS FINANCE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>CLOTHILDE HEWLETT, solely in her official capacity as Commissioner of the California Department of Financial Protection and Innovation,<br><br>Defendant. | Case No. 22-cv-08775-RGK-PLA<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE AMICI CURIAE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: October 30, 2023<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850<br>Complaint Filed: December 2, 2022<br>Trial Date: December 12, 2023 |

Plaintiff Small Business Finance Association ("SBFA" or "Plaintiff") respectfully submits this Memorandum of Law in Opposition to the Motion for Leave to File Memorandum of Points and Authorities as Amicus Curiae in Support of Defendant's Motion for Summary Judgment (the "Motion," ECF No. 57) filed by Nonparties Public Counsel, UC Berkeley Center for Consumer Law & Economic Justice, California Association for Microenterprise Opportunity, the Responsible Business Lending Coalition, and the Office of Kay Taylor (the "Nonparties").

The Motion should be denied because (i) the Nonparties have not and cannot demonstrate the need for amicus briefing in this case; (ii) the inflammatory, one-sided brief is not a proper amicus brief; and (iii) the "facts" cited by the Nonparties are outside of the record, were not the subject of discovery, and are irrelevant in any event, such that the brief does not serve to advance the Court's consideration of the Motion for Summary Judgment filed by Defendant Clothilde Hewlett, solely in her official capacity as Commissioner of the California Department of Financial Protection and Innovation ("DFPI" or "Defendant").

**I.    The Nonparties Have Not and Cannot Demonstrate the Need for Amicus Briefing in this Case.**

An amicus brief is normally allowed only when a party is not represented competently or is not represented at all, and when the amicus has an interest in another case that may be affected by the holding in the present case, or when the amicus can present unique information that can help the court in a way that is beyond the abilities the lawyers for the parties are able to provide. *Gabriel Techs. Corp. v. Qualcomm Inc.*, No. 08CV1992 AJB MDD, 2012 WL 849167, at *4 (S.D. Cal. Mar. 13, 2012) (citing *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1063 (7th Cir.1997)). *See also ForestKeeeper v. Elliott*, 50 F.Supp.3d 1371, 1380 (E.D. Cal. 2014) (citing *Ryan*, 125 F.3d at 1063) ("[T]he consideration of an

amicus brief is solely within the discretion of the court and is seldom appropriate at the level of the trial level where the parties are adequately represented by experienced counsel.").

Here, DFPI is competently represented by a team of lawyers from the Office of the Attorney General of California. Nonparties have no stated interest in another case that may be affected by this matter. Nor have Nonparties shown that they are uniquely situated to provide information to the Court in a way that is beyond the ability of Defendant's counsel to provide. Indeed, other than including a hearsay-laden, impartial, and incorrect recitation of what they perceive to be the state of the small business finance industry (ECF No. 57-3 at 5-9), Nonparties merely regurgitate and restate arguments Defendant already presented in its summary judgment briefing (*id.* at 9-13).

Furthermore, Nonparties seek to inject themselves into this case without completing the required meet and confer process with Plaintiff. Without explaining what the subject of their proposed amicus briefing would be—other than saying that it would "useful or otherwise desirable to the court"—nonparties requested Plaintiff's consent to file the brief. (ECF No. 57-1). Understandably, not knowing what Nonparties intended to argue to the Court, Plaintiff twice requested a copy of the brief to determine whether it opposed Nonparties' proposed motion. (*Id.*) Nonparties counsel, Ghirlandi Guidetti, simply ignored Plaintiff's request because, in their words "we determined that resolution of this matter was not possible absent filing a motion." (*Id.* at 3.) Plaintiff submits that, based on their failure to substantiate the need for amicus briefing and appropriately meet and confer, Nonparties' Motion should be denied.

## II. The Inflammatory, One-Sided Brief Is Not a Proper Amicus Brief.

While amici need not be completely disinterested in a litigation, partisanship generally "'is not proper in a trial court.'" *Feld Entm't, Inc. v. Arena Group 2000*,

2

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE AMICI CURIAE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*LP*, No. 06cv1077 J (WMc), 2006 WL 8455518, at *2 (S.D. Cal. June 2, 2006). *Jones v. Becerra*, No. 3:19-CV-01226-L-AHG, 2020 WL 8920621, at *1 (S.D. Cal. Jan. 14, 2020) ("like Giffords Law Center, Everytown's partisanship is apparent. The Court finds that the amicus brief may prejudice Plaintiffs on the trial level because the brief allows Defendant to have a proverbial 'another bite of the apple' due to partisan influence"); *Henry v. Jury*, No. EDCV1800983CJCMAA, 2018 WL 11350039, at *1 (C.D. Cal. July 3, 2018) (denying leave to file amicus brief that was an advocacy piece).

The proposed amicus brief is so plainly biased as to be impermissibly "partisan." *See, e.g., Feld Ent.,* 2006 WL 8455518 at *2 ("In the present case, Plaintiff has made patently clear its partisan interest in the matter before the Court. However, 'an amicus must be a friend of the court and not a friend of a party to the cause.'") (citations omitted). Frankly, it is a hit piece masquerading as a legal brief. Nonparties attempt to smear an entire industry that allegedly "has long preyed on California's small business and entrepreneurs," "historically relied on 'aggressive, and often misleading' tactics," and has "long confused customers in the same way they now attempt to confuse this Court." (ECF No. 57-3 at 5-6.) Elsewhere, Nonparties improperly contend that Plaintiff makes "disingenuous" arguments and has attempted to mislead the Court. (*Id.* at 3, n.6; 6.) Setting to one side that Nonparties do not contend that Plaintiff or any of its members have done anything improper in the marketplace or conducted their business in anything but a lawful and honorable way, this sort of *ad hominem*, biased rhetoric is improper for an amicus brief. The Motion should be denied for this reason as well.

### III.   The Proposed Amicus Brief Is Affirmatively Unhelpful to the Court's Consideration of Defendant's Motion for Summary Judgment.

The claimed purpose for the amicus brief is to help the Court decide Defendant's motion for summary judgment. It is hard to see how the brief

3

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE AMICI CURIAE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

accomplishes that claimed purpose. Indeed, the "evidence" that Nonparties cite to the Court is almost exclusively inadmissible hearsay consisting of newspaper articles, printouts from various websites, and advocacy reports. Except for a single citation to Plaintiff's website at footnote 6 (which it uses to argue, incorrectly, that Plaintiff has attempted to mislead the Court), none of these materials were exchanged in discovery. And none of these materials are relevant to the questions before the Court, which is whether the Regulations violate Plaintiff's First Amendment rights and are preempted by TILA.

For the reasons stated above, Nonparties' Motion to file an amicus brief in this matter should be denied.

Dated: October 5, 2023

Respectfully submitted,

BRODSKY FOTIU-WOJTOWICZ, PLLC

/s/ *Benjamin H. Brodsky*
Benjamin Brodsky
Phil Merenda

*Attorneys for Plaintiff Small Business Finance Association*

4

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE AMICI CURIAE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT