Stephanie Carroll (S.B. # 263698)
scarroll@publiccounsel.org
Ghirlandi Guidetti (S.B. #307342)
gguidetti@publiccounsel.org
PUBLIC COUNSEL
610 S. Ardmore Avenue
Los Angeles, California 90005
Tel: (213) 385-2977; Fax: (213) 201-4722

Seth E. Mermin (S.B. # 189194)
tmermin@law.berkeley.edu
David S. Nahmias (S.B. # 324097)
dnahmias@law.berkeley.edu
UC BERKELEY CENTER FOR CONSUMER LAW
& ECONOMIC JUSTICE
308 Law Building
Berkeley, CA 94720
Tel: (510) 643-3519

*Attorneys for Amici Curiae*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMALL BUSINESS FINANCE ASSOCIATION, <br><br> *Plaintiff,* <br><br> vs. <br><br> CLOTHILDE HEWLETT, solely in her official capacity as Commissioner of the California Department of Financial Protection and Innovation, <br><br> *Defendant*. | Case No.:  2:22-cv-08775-RGK-SK <br><br> **REPLY BRIEF OF PROPOSED AMICI CURIAE PUBLIC COUNSEL, UC BERKELEY CENTER FOR CONSUMER LAW & ECONOMIC JUSTICE, CALIFORNIA ASSOCIATION FOR MICROENTERPRISE OPPORTUNITY, THE RESPONSIBLE BUSINESS LENDING COALITION AND THE OFFICE OF KAT TAYLOR** <br><br> Date:              October 30, 2023 <br> Time:             9:00 AM <br> Courtroom:     850 <br> Judge:            Hon. R. Gary Klausner <br> Complaint filed: December 2, 2022 <br> Disc. Cut-Off:  September 13, 2023 <br> Mtn. Cut-Off:  September 27, 2023 <br> Trial Date:      December 12, 2023 |

The motion for leave to file an amicus brief submitted by proposed amici curiae, ECF No. 57, should be granted because amici offer this Court a valuable perspective on sales-based financing (SBF) products and the Department of Financial Protection and Innovation's (DFPI) regulations of those products. The opposition of Plaintiff Small Business Finance Association (SBFA) provides heat but little light. To decry an amicus brief as "one-sided," ECF No. 66 at 1, is curious at any time, but especially when amici openly and appropriately submitted it in support of Defendant Commissioner Clothilde Hewlett's motion for summary judgment, ECF No. 52. *See Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.) ("[A]n amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend"; to claim "that an amicus must be 'impartial' is difficult to square with" Rule 29). And to raise evidentiary objections to the publicly available material cited in an amicus brief is to misunderstand the concept of a friend-of-the-court brief. Amici do not seek to enter the cited material into evidence; instead, the material is offered to provide context that may assist this Court in understanding the SBF market and the need for the DFPI regulations, as well as to show that many companies have been complying with the regulations since their promulgation. *See, e.g.*, *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 385-86 & n.3 (2023) (noting the positions of amici producers and economists on the pricing effects of a California law); *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2159 (2022) (Alito, J., concurring) (recounting stories of firearms use contained in amicus briefs). SBFA's opposition is perhaps best characterized as an objection not to this amicus brief in particular, but to the concept of amicus briefs as a whole. However, since these

briefs are a well-accepted feature of the operation of the federal courts, including district courts, *see, e.g.*, *Duronslet v. Cty. of Los Angeles*, 2017 WL 5643144, at *2 (C.D. Cal. Jan. 23, 2017) (accepting amicus brief); *Nat'l Petrochemical & Refiners Ass'n v. Goldstene*, 2010 WL 2228471, at *2 (E.D. Cal. June 3, 2010) (accepting amicus brief), that objection carries little weight. Instead, this court may consider the proposed amicus brief on its merits.

**DISCUSSION**

**I.      AMICI OFFER A UNIQUE PERSPECTIVE AND HAVE A DISTINCT INTEREST IN HAVING THE REGULATIONS UPHELD.**

The insight into the SBFA market that proposed amici bring does not duplicate, but rather complements, the Commissioner's position and provides context that can help this Court adjudge the constitutionality of the rules. *See Earth Island Inst. v. Nash*, 2019 WL 6790682, at *2 (E.D. Cal. Dec. 12, 2019) ("Amicus briefs are frequently welcome concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective.").[1]

Contrary to SBFA's assertions, ECF No. 66 at 2, the arguments of the proposed amici are not redundant of the Commissioner's brief. Rather, the amicus brief illustrates, using examples from news articles, press releases, Federal Reserve reports, and blog posts not cited by the Commissioner, that SBF products and providers have historically misled their small business customers with confusing or deceptive pricing—practices that justified the DFPI's rulemaking. ECF No. 57-3 at

---

[1] Amici do not dispute the adequacy of DFPI's representation. *Duronslet*, 2017 WL 5643144, at *2 ("Even when a party is very well represented, an amicus may provide important assistance.").

2-5; ECF Nos. 57-4 to -6. Similarly, amici present additional examples of providers already calculating the same estimated APR rates that the DFPI's regulations require. *Compare* ECF No. 57-3 at 6-8, *with* ECF No. 52 at 10-11.

The information contained in the amicus brief further merits consideration in light of the customary role of amici curiae to present "ideas, arguments, theories, insights, *facts*, or *data* that are not found in the parties' briefs." *Wash. All. of Tech. Workers v. DHS*, 518 F. Supp. 3d 448, 453 n. 2 (D.D.C. 2021) (emphasis added). SBFA misunderstands, ECF No. 66 at 3-4, how the Court should evaluate the publicly available sources in amici's brief. *See Wagafe v. Biden*, 2022 WL 457983, at *2 (W.D. Wash. Feb. 15, 2022) ("Permitting an amicus brief is not synonymous with accepting—at face value—every factual or legal assertion therein."). The ordinary evidentiary standards that parties like SBFA must follow are relaxed for amici curiae. *See Kadel v. Folwell*, 2022 WL 1046313, at *2 (M.D.N.C. Apr. 7, 2022) (finding no law requiring that amicus briefs follow the Federal Rules of Evidence).

## II.    AMICI COMPLIED WITH THEIR PROCEDURAL OBLIGATIONS.

Finally, proposed amici satisfied the meet-and-confer requirements and spirit of Local Rule 7-3 to attempt to resolve this matter without the need for a hearing; thus, their motion should not be rejected on that basis. *See* ECF No. 66 at 2. Counsel for amici offered to discuss the brief with counsel for SBFA but was met only with demands to see the brief beforehand. ECF No. 57-1 ¶¶ 3-5, 57-2; *see United States v. Kan-Di-Ki LLC*, 2013 WL 12147597, at *2 (C.D. Cal. Mar. 21, 2013) (recognizing that "in some instances, a moving party makes a good faith attempt to meet and confer before filing a motion, but is met with stonewalling or

resistance"). Amici are aware of no court in this nation in which seeking consent to file an amicus brief requires providing opposing counsel the opportunity to read the completed brief ahead of time. To the contrary, courts in this district have authorized amicus briefs where, unlike here, the motion of the proposed amici failed even to mention an attempt to meet and confer. *See, e.g.*, *Stoyas v. Toshiba Corp.*, 2021 WL 2315200, at *2 (C.D. Cal. June 7, 2021) (granting motion for leave to file amicus brief lodged at ECF No. 111-1).

## **CONCLUSION**

For the foregoing reasons, proposed amici curiae's motion for leave to file, ECF No. 57, should be granted.

Dated:  October 16, 2023

Respectfully submitted,

PUBLIC COUNSEL

By: ____/s/ Ghirlandi Guidetti_____
Ghirlandi Guidetti
*Attorney for Proposed Amici Curiae*

Stephanie Carroll (S.B. # 263698)
scarroll@publiccounsel.org
Ghirlandi Guidetti (S.B. #307342)
gguidetti@publiccounsel.org
PUBLIC COUNSEL
610 S. Ardmore Avenue
Los Angeles, California 90005
Tel: (213) 385-2977; Fax: (213) 201-4722

Seth E. Mermin (S.B. # 189194)
tmermin@law.berkeley.edu
David S. Nahmias (S.B. #324097)
dnahmias@law.berkeley.edu
BERKELEY CENTER FOR CONSUMER
LAW & ECONOMIC JUSTICE
308 Law Building
Berkeley, CA 94720
Tel: (510) 643-3519